1  MORGAN, LEWIS & BOCKIUS LLP
   Jason S. Mills, Bar No. 225126
2  jason.mills@morganlewis.com
   300 South Grand Avenue
3  Twenty-Second Floor
   Los Angeles, CA 90071-3132
4  Tel: +1.213.612.2500
   Fax: +1.213.612.2501
5
   MORGAN, LEWIS & BOCKIUS LLP
6  Karen Y. Cho, Bar No. 274810
   karen.cho@morganlewis.com
7  Candace R. DesBaillets, Bar No. 315284
   One Market
8  Spear Street Tower
   San Francisco, CA 94105-1596
9  Tel: +1.415.442.1000
   Fax: +1.415.442.1001
10
11 Attorneys for Defendants
   THE BOEING COMPANY; BOEING
12 DEFENSE, SPACE & SECURITY; BOEING
   NETWORK & SPACE SYSTEMS

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

16 MICHAEL BRENT, an individual,          Case No. 2:17-cv-04429-ODW-E

17              Plaintiff,

18      v.                                **STIPULATED PROTECTIVE
                                          ORDER**
19 THE BOEING COMPANY, a Delaware
   corporation; BOEING DEFENSE,
20 SPACE & SECURITY, a division of
   BOEING, business entity form
21 unknown; BOEING NETWORK &
   SPACE SYSTEMS, a part of BOEING       **Complaint Filed:**    June 14, 2017
22 DEFENSE, SPACE & SECURITY, a
   business entity, form unknown and
23 DOES 1-10,

24              Defendants.

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

1    Plaintiff Michael Brent ("Plaintiff"), and Defendants The Boeing Company,

2    Boeing Defense, Space & Security and Boeing Network & Space Systems

3    ("Defendants") (collectively, the "Parties"), by and through their respective

4    counsel, hereby stipulate and agree as follows:

5    1.    A.    PURPOSES AND LIMITATIONS

6    Discovery in this action is likely to involve production of confidential,

7    proprietary, private information and confidential government information for which

8    special protection from public disclosure and from use for any purpose other than

9    prosecuting this litigation may be warranted. Accordingly, the Parties hereby

10   stipulate to and petition the Court to enter the following Stipulated Protective

11   Order. The Parties acknowledge that this Order does not confer blanket protections

12   on all disclosures or responses to discovery and that the protection it affords from

13   public disclosure and use extends only to the limited information or items that are

14   entitled to confidential treatment under the applicable legal principles. The Parties

15   further acknowledge, as set forth in Section 12.3, below, that this Stipulated

16   Protective Order does not entitle them to file confidential information under seal;

17   Civil Local Rule 79-5 sets forth the procedures that must be followed and the

18   standards that will be applied when a party seeks permission from the court to file

19   material under seal.

20   B.    GOOD CAUSE STATEMENT

21   This action is likely to involve trade secrets, customer and pricing lists and

22   other valuable research, development, commercial, financial, technical and/or

23   proprietary information, confidential government information, trade secrets as well

24   as sensitive personal information regarding private individuals, for which special

25   protection from public disclosure and from use for any purpose other than

26   prosecution of this action is warranted. Such confidential and proprietary materials

27   and information consist of, among other things, confidential business or financial

28   information, information regarding confidential business practices, or other

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB/1964742v1

2

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-04429-ODW-E

1    confidential research, development, or commercial information (including
2    information implicating privacy rights of third parties and confidential government
3    information), information otherwise generally unavailable to the public, or which
4    may be privileged or otherwise protected from disclosure under state or federal
5    statutes, court rules, case decisions, or common law. Accordingly, to expedite the
6    flow of information, to facilitate the prompt resolution of disputes over
7    confidentiality of discovery materials, to adequately protect information the Parties
8    are entitled to keep confidential, to ensure that the Parties are permitted reasonable
9    necessary uses of such material in preparation for and in the conduct of trial, to
10   address their handling at the end of the litigation, and serve the ends of justice, a
11   protective order for such information is justified in this matter. It is the intent of the
12   parties that information will not be designated as confidential for tactical reasons
13   and that nothing be so designated without a good faith belief that it has been
14   maintained in a confidential, non-public manner, and there is good cause why it
15   should not be part of the public record of this case.

16   2.    DEFINITIONS

17          2.1    Action: Michael Brent v. The Boeing Company, et al., Case No. 2:17-
18   cv-04429.

19          2.2    Challenging Party: a Party or Non-Party that challenges
20   the designation of information or items under this Order.

21          2.3    "CONFIDENTIAL" Information or Items: information (regardless of
22   how it is generated, stored or maintained) or tangible things that qualify for
23   protection under Federal Rule of Civil Procedure 26(c), and as specified above in
24   the Good Cause Statement.

25          2.4    Counsel: Outside Counsel of Record and House Counsel (as well as
26   their support staff).

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DB/31964742v1

3

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-04429-ODW-E

1      2.5    <u>Designating Party:</u> a Party or Non-Party that designates information or

2  items that it produces in disclosures or in responses to discovery as

3  "CONFIDENTIAL."

4      2.6    <u>Disclosure or Discovery Material:</u> all items or information, regardless

5  of the medium or manner in which it is generated, stored, or maintained (including,

6  among other things, testimony, transcripts, and tangible things), that are produced

7  or generated in disclosures or responses to discovery in this matter.

8      2.7    <u>Expert:</u> a person with specialized knowledge or experience in a matter

9  pertinent to the litigation who has been retained by a Party or its counsel to serve as

10 an expert witness or as a consultant in this Action.

11     2.8    <u>House Counsel:</u> attorneys who are employees of a party to this Action.

12 House Counsel does not include Outside Counsel of Record or any other outside

13 counsel.

14     2.9    <u>Non-Party:</u> any natural person, partnership, corporation, association, or

15 other legal entity not named as a Party to this action.

16     2.10   <u>Outside Counsel of Record:</u> attorneys who are not employees of a

17 party to this Action but are retained to represent or advise a party to this Action and

18 have appeared in this Action on behalf of that party or are affiliated with a law firm

19 which has appeared on behalf of that party, and includes support staff.

20     2.11   <u>Party:</u> any party to this Action, including all of its officers, directors,

21 employees, consultants, retained experts, and Outside Counsel of Record (and their

22 support staffs).

23     2.12   <u>Producing Party:</u> a Party or Non-Party that produces Disclosure or

24 Discovery Material in this Action.

25     2.13   <u>Professional Vendors:</u> persons or entities that provide litigation

26 support services (e.g., photocopying, videotaping, translating, preparing exhibits or

27 demonstrations, and organizing, storing, or retrieving data in any form or medium)

28 and their employees and subcontractors.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB/3196474v1                          4               STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-04429-ODW-E

1    2.14  Protected Material: any Disclosure or Discovery Material that is

2  designated as "CONFIDENTIAL."

3    2.15  Receiving Party: a Party that receives Disclosure or Discovery

4  Material from a Producing Party.

5  3.    SCOPE

6    The protections conferred by this Stipulation and Order cover not only

7  Protected Material (as defined above), but also (1) any information copied or

8  extracted from Protected Material; (2) all copies, excerpts, summaries, or

9  compilations of Protected Material; and (3) any testimony, conversations, or

10  presentations by Parties or their Counsel that might reveal Protected Material. Any

11  use of Protected Material at trial shall be governed by the orders of the trial judge.

12  This Order does not govern the use of Protected Material at trial.

13  4.    DURATION

14    Even after final disposition of this litigation, the confidentiality obligations

15  imposed by this Order shall remain in effect until a Designating Party agrees

16  otherwise in writing or a court order otherwise directs. Final disposition shall be

17  deemed to be the later of (1) dismissal of all claims and defenses in this Action,

18  with or without prejudice; and (2) final judgment herein after the completion and

19  exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action,

20  including the time limits for filing any motions or applications for extension of time

21  pursuant to applicable law.

22  5.    DESIGNATING PROTECTED MATERIAL

23    5.1  Exercise of Restraint and Care in Designating Material for Protection.

24  Each Party or Non-Party that designates information or items for protection under

25  this Order must take care to limit any such designation to specific material that

26  qualifies under the appropriate standards. The Designating Party must designate for

27  protection only those parts of material, documents, items, or oral or written

28  communications that qualify so that other portions of the material, documents,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB/31964742v1

5

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-04429-ODW-E

1    items, or communications for which protection is not warranted are not swept

2    unjustifiably within the ambit of this Order.

3         Mass, indiscriminate, or routinized designations are prohibited. Designations

4    that are shown to be clearly unjustified or that have been made for an improper

5    purpose (e.g., to unnecessarily encumber the case development process or to

6    impose unnecessary expenses and burdens on other parties) may expose the

7    Designating Party to sanctions.

8         If it comes to a Designating Party's attention that information or items that it

9    designated for protection do not qualify for protection, that Designating Party must

10   promptly notify all other Parties that it is withdrawing the inapplicable designation.

11        5.2    Manner and Timing of Designations. Except as otherwise provided in

12   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

13   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

14   under this Order must be clearly so designated before the material is disclosed or

15   produced.

16        Designation in conformity with this Order requires:

17        (a) for information in documentary form (e.g., paper or electronic documents,

18   but excluding transcripts of depositions or other pretrial or trial proceedings), that

19   the Producing Party affix at a minimum, the legend "CONFIDENTIAL"

20   (hereinafter "CONFIDENTIAL legend"), to each page that contains protected

21   material. If only a portion or portions of the material on a page qualifies for

22   protection, the Producing Party also must clearly identify the protected portion(s)

23   (e.g., by making appropriate markings in the margins).  A Party or Non-Party that

24   makes original documents available for inspection need not designate them for

25   protection until after the inspecting Party has indicated which documents it would

26   like copied and produced. During the inspection and before the designation, all of

27   the material made available for inspection shall be deemed "CONFIDENTIAL."

28   After the inspecting Party has identified the documents it wants copied and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB/3196474zv1

6

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-04429-ODW-E

1  produced, the Producing Party must determine which documents, or portions

2  thereof, qualify for protection under this Order. Then, before producing the

3  specified documents, the Producing Party must affix the "CONFIDENTIAL

4  legend" to each page that contains Protected Material. If only a portion or portions

5  of the material on a page qualifies for protection, the Producing Party also must

6  clearly identify the protected portion(s) (e.g., by making appropriate markings in

7  the margins).

8      (b)    for testimony given in depositions that the Designating Party identify

9  the Disclosure or Discovery Material on the record, before the close of the

10  deposition all protected testimony.

11      (c)    for information produced in some form other than documentary and

12  for any other tangible items, that the Producing Party affix in a prominent place on

13  the exterior of the container or containers in which the information is stored the

14  legend "CONFIDENTIAL." If only a portion or portions of the information

15  warrants protection, the Producing Party, to the extent practicable, shall identify the

16  protected portion(s).

17      5.3    <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent

18  failure to designate qualified information or items does not, standing alone, waive

19  the Designating Party's right to secure protection under this Order for such

20  material. Upon timely correction of a designation, the Receiving Party must make

21  reasonable efforts to assure that the material is treated in accordance with the

22  provisions of this Order.

23  6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u> .

24      6.1    <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a

25  designation of confidentiality at any time that is consistent with the Court's

26  Scheduling Order.

27      6.2    <u>Meet and Confer.</u> The Challenging Party shall initiate the

28  dispute resolution process under Local Rule 37.1, et seq.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB/31964742v1

7

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-04429-ODW-E

1      6.3    The burden of persuasion in any such challenge proceeding shall be

2   on the Designating Party. Frivolous challenges, and those made for an improper

3   purpose (e.g., to harass or impose unnecessary expenses and burdens on other

4   parties) may expose the Challenging Party to sanctions. Unless the Designating

5   Party has waived or withdrawn the confidentiality designation, all parties shall

6   continue to afford the material in question the level of protection to which it is

7   entitled under the Producing Party's designation until the Court rules on the

8   challenge.

9   7.    ACCESS TO AND USE OF PROTECTED MATERIAL

10      7.1    Basic Principles. A Receiving Party may use Protected Material that is

11  disclosed or produced by another Party or by a Non-Party in connection with this

12  Action only for prosecuting, defending, or attempting to settle this Action. Such

13  Protected Material may be disclosed only to the categories of persons and under

14  the conditions described in this Order. When the Action has been terminated, a

15  Receiving Party must comply with the provisions of section 13 below (FINAL

16  DISPOSITION).

17      Protected Material must be stored and maintained by a Receiving Party at a

18  location and in a secure manner that ensures that access is limited to the persons

19  authorized under this Order.

20      7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

21  otherwise ordered by the court or permitted in writing by the Designating Party, a

22  Receiving Party may disclose any information or item designated

23  "CONFIDENTIAL" only to:

24      (a)    the Receiving Party's Outside Counsel of Record in this Action, as

25  well as employees of said Outside Counsel of Record to whom it is reasonably

26  necessary to disclose the information for this Action;

27      (b)    the officers, directors, and employees (including House Counsel) of

28  the Receiving Party to whom disclosure is reasonably necessary for this Action;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB/1964742v1                              8                    STIPULATED PROTECTIVE ORDER
                                                              Case No. 2:17-cv-04429-ODW-E

1     (c)    Experts (as defined in this Order) of the Receiving Party to whom

2 disclosure is reasonably necessary for this Action and who have signed the

3 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4     (d)    the court and its personnel;

5     (e)    court reporters and their staff;

6     (f)    professional jury or trial consultants, mock jurors, and Professional

7 Vendors to whom disclosure is reasonably necessary for this Action and who have

8 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9     (g)    the author or recipient of a document containing the information or a

10 custodian or other person who otherwise possessed or knew the information;

11     (h)    during their depositions, witnesses, and attorneys for witnesses, in the

12 Action to whom disclosure is reasonably necessary provided: (1) the deposing party

13 requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they

14 will not be permitted to keep any confidential information unless they sign the

15 "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

16 agreed by the Designating Party or ordered by the court. Pages of transcribed

17 deposition testimony or exhibits to depositions that reveal Protected Material may

18 be separately bound by the court reporter and may not be disclosed to anyone

19 except as permitted under this Stipulated Protective Order; and

20     (i)    any mediator or settlement officer, and their supporting personnel,

21 mutually agreed upon by any of the parties engaged in settlement discussions.

22 **8.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

23 **IN OTHER LITIGATION**

24     If a Party is served with a subpoena or a court order issued in other litigation

25 that compels disclosure of any information or items designated in this Action as

26 "CONFIDENTIAL," that Party must:

27     (a)    promptly notify in writing the Designating Party. Such notification

28 shall include a copy of the subpoena or court order;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB/31964742v1

9

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-04429-ODW-E

1    (b)    promptly notify in writing the party who caused the subpoena or order

2    to issue in the other litigation that some or all of the material covered by the

3    subpoena or order is subject to this Protective Order. Such notification shall

4    include a copy of this Stipulated Protective Order; and

5    (c)    cooperate with respect to all reasonable procedures sought to be

6    pursued by the Designating Party whose Protected Material may be affected.

7    If the Designating Party timely seeks a protective order, the Party served with

8    the subpoena or court order shall not produce any information designated in this

9    action as "CONFIDENTIAL" before a determination by the court from which the

10    subpoena or order issued, unless the Party has obtained the Designating Party's

11    permission. The Designating Party shall bear the burden and expense of seeking

12    protection in that court of its confidential material and nothing in these provisions

13    should be construed as authorizing or encouraging a Receiving Party in this Action

14    to disobey a lawful directive from another court.

15    9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

16         PRODUCED IN THIS LITIGATION

17    (a)    The terms of this Order are applicable to information produced by a

18    Non-Party in this Action and designated as "CONFIDENTIAL." Such information

19    produced by Non-Parties in connection with this litigation is protected by the

20    remedies and relief provided by this Order. Nothing in these provisions should be

21    construed as prohibiting a Non-Party from seeking additional protections.

22    (b)    In the event that a Party is required, by a valid discovery request, to

23    produce a Non-Party's confidential information in its possession, and the Party is

24    subject to an agreement with the Non-Party not to produce the Non-Party's

25    confidential information, then the Party shall:

26    (1)    promptly notify in writing the Requesting Party and the Non-

27    Party that some or all of the information requested is subject to a confidentiality

28    agreement with a Non-Party;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1        (2)    promptly provide the Non-Party with a copy of the Stipulated

2  Protective Order in this Action, the relevant discovery request(s), and a reasonably

3  specific description of the information requested; and

4        (3)    make the information requested available for inspection by the

5  Non-Party, if requested.

6        (c)    If the Non-Party fails to seek a protective order from this court within

7  14 days of receiving the notice and accompanying information, the Receiving

8  Party may produce the Non-Party's confidential information responsive to the

9  discovery request. If the Non-Party timely seeks a protective order, the Receiving

10  Party shall not produce any information in its possession or control that is subject

11  to the confidentiality agreement with the Non-Party before a determination by the

12  court. Absent a court order to the contrary, the Non-Party shall bear the burden and

13  expense of seeking protection in this court of its Protected Material.

14  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

15        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

16  Protected Material to any person or in any circumstance not authorized under this

17  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

18  writing the Designating Party of the unauthorized disclosures, (b) use its best

19  efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

20  person or persons to whom unauthorized disclosures were made of all the terms of

21  this Order, and (d) request such person or persons to execute the "Acknowledgment

22  and Agreement to Be Bound" that is attached hereto as Exhibit A.

23  11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

24        PROTECTED MATERIAL

25        When a Producing Party gives notice to Receiving Parties that certain

26  inadvertently produced material is subject to a claim of privilege or other

27  protection, the obligations of the Receiving Parties are those set forth in Federal

28  Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB/31964742v1                       11                  STIPULATED PROTECTIVE ORDER
                                                        Case No. 2:17-cv-04429-ODW-E

1  whatever procedure may be established in an e-discovery order that provides for

2  production without prior privilege review. Pursuant to Federal Rule of Evidence

3  502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

4  of a communication or information covered by the attorney-client privilege or work

5  product protection, the Parties may incorporate their agreement in the stipulated

6  protective order submitted to the court.

7  12.   <u>MISCELLANEOUS</u>

8     12.1 Right to Further Relief. Nothing in this Order abridges the right of any

9  person to seek its modification by the Court in the future.

10     12.2 Right to Assert Other Objections. By stipulating to the entry of this

11  Protective Order no Party waives any right it otherwise would have to object to

12  disclosing or producing any information or item on any ground not addressed in

13  this Stipulated Protective Order. Similarly, no Party waives any right to object on

14  any ground to use in evidence of any of the material covered by this Protective

15  Order.

16     12.3 Filing Protected Material. A Party that seeks to file under seal any

17  Protected Material must comply with Civil Local Rule 79-5. Protected Material

18  may only be filed under seal pursuant to a court order authorizing the sealing of the

19  specific Protected Material at issue. If a Party's request to file Protected Material

20  under seal is denied by the court, then the Receiving Party may file the information

21  in the public record unless otherwise instructed by the court.

22  13.   <u>FINAL DISPOSITION</u>

23     After the final disposition of this Action, as defined in paragraph 4, within 60

24  days of a written request by the Designating Party, each Receiving Party must

25  return all Protected Material to the Producing Party or destroy such material. As

26  used in this subdivision, "all Protected Material" includes all copies, abstracts,

27  compilations, summaries, and any other format reproducing or capturing any of the

28  Protected Material. Whether the Protected Material is returned or destroyed, the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB/31964742v1                    12               STIPULATED PROTECTIVE ORDER
                                                  Case No. 2:17-cv-04429-ODW-E

1    Receiving Party must submit a written certification to the Producing Party (and, if
2    not the same person or entity, to the Designating Party) by the 60 day deadline that
3    (1) identifies (by category, where appropriate) all the Protected Material that was
4    returned or destroyed and (2) affirms that the Receiving Party has not retained any
5    copies, abstracts, compilations, summaries or any other format reproducing or
6    capturing any of the Protected Material. Notwithstanding this provision, Counsel
7    are entitled to retain an archival copy of all pleadings, motion papers, trial,
8    deposition, and hearing transcripts, legal memoranda, correspondence, deposition
9    and trial exhibits, expert reports, attorney work product, and consultant and expert
10   work product, even if such materials contain Protected Material. Any such archival
11   copies that contain or constitute Protected Material remain subject to this Protective
12   Order as set forth in Section 4.
13   14.    Any willful violation of this Order may be punished by civil or criminal
14   contempt proceedings, financial or evidentiary sanctions, reference to disciplinary
15   authorities, or other appropriate action at the discretion of the Court.
16   ///
17   ///
18   ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB/1964742v1

13

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-04429-ODW-E

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 16, 2018

MORGAN, LEWIS & BOCKIUS LLP
Karen Y. Cho
Candace R. DesBaillets

By _____/s/ Jason S. Mills_____
            Jason S. Mills

Attorneys for Defendants
THE BOEING COMPANY; BOEING
DEFENSE SPACE & SECURITY; and
BOEING NETWORK & SPACE
SYSTEMS

Dated: February 16, 2018

HANEY & YOUNG LLP
Steven H. Haney
Gregory L. Young

By _____/s/ Steven H. Haney_____
            Steven H. Haney

Attorneys for Plaintiff
MICHAEL BRENT

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: _Feb. 20, 2018_

_____
Honorable Charles F. Eick
United States Magistrate Judge

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB/3196474v1

14

STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-04429-ODW-E

## EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Michael Brent v. The Boeing Company, et al.*, Case No. 2:17-cv-04429-ODW-E. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint [print or type full name] of [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB/3196474201

1

EXHIBIT A TO STIPULATED
PROTECTIVE ORDER
Case No. 2:17-cv-04429-ODW-E